UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MICHAEL A. LARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CV-73-TAV-HBG |
| | ) | |
| THE RUSH FITNESS COMPLEX, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint [Doc. 17]. Defendant moves the Court to dismiss Counts II, II, and IV of the amended complaint because they were previously dismissed by the Court and the new claim under the Rehabilitation Act of 1973 because plaintiff has not pleaded facts sufficient to prove defendant receives any financial assistance from any federal department or agency [*See* Doc. 18]. Plaintiff did not file a response and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1, 7.2.

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's

"obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

On October 7, 2013, the Court entered an order dismissing Counts II, III, and IV of the complaint [Doc. 15]. Respectively, those counts asserted causes of action for mental and emotional distress, breach of contract, and a claim pursuant to the Family Medical Leave Act ("FMLA") [*Id.*]. In the same order, the Court also afforded plaintiff an opportunity to amend his complaint with respect to Count V only, which asserted a claim for misrepresentation and fraud [*Id.*].

2

Plaintiff filed an amended complaint in which he re-asserts his claims for mental and emotional distress, breach of contract, and a claim pursuant to the FMLA [Doc. 16]. Because these causes of action were previously dismissed by the Court and plaintiff did not obtain leave to re-file them, the Court will dismiss them.

Defendant asserts that the amended complaint also "purports to assert a new claim under the Rehabilitation Act of 1973" [Doc. 17]. First, to the extent that the amended complaint purports to make such a claim, plaintiff has not obtained leave to assert such a claim. The Court previously afforded plaintiff leave to amend only his misrepresentation and fraud claim [*See* Doc. 15]. Second, the Court finds that plaintiff fails to state a claim under the Rehabilitation Act of 1973, as defendant asserts. Nowhere in the amended complaint does plaintiff allege that defendant is an executive branch agency or department, that defendant is a federal government agency employer, that defendant has a federal contract, or that defendant receives any federal financial assistance.

Accordingly, for the reasons explained herein, the Court hereby **GRANTS** defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint [Doc. 17]. Counts II, III, and IV, as well as any claim under the Rehabilitation Act of 1973, are hereby **DISMISSED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE